# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN D'AGOSTINO, | ) |
| | ) Civil Action No: |
| Plaintiff, | ) 17-cv-11603 (PGS)(TJB) |
| v. | ) |
| | ) MEMORANDUM |
| DOMINO'S PIZZA, et al., | ) AND |
| | ) ORDER |
| Defendants. | ) |

Presently before the Court is Plaintiff Steven D'Agostino's Motion to Remand the case to the Superior Court of New Jersey, Ocean County (ECF No. 6) and Defendants Domino's Pizza, Inc., J&J Pizza, Inc., Jason and John Parmer's Motion to Dismiss (ECF No. 8). For the reasons discussed herein, Plaintiff's motion is denied, and Defendants' motion is granted in part and denied in part.

## BACKGROUND

This matter arises from Defendant John and Jason Parmer's wrongful termination of Plaintiff Steven D'Agostino. The Parmers are sole owners of J&J Pizza, which operates a Domino's Pizza franchise in Barnegat, New Jersey. (Amended Complaint at ¶¶ 2-3). In September 2014, Plaintiff was hired by J&J as a pizza delivery driver and routinely delivered pizza in the Barnegat, New Jersey area. (*Id.* at ¶ 5). Plaintiff claims that he performed "dual jobs" with J&J; that is, in addition to delivering pizza, he also worked at the pizzeria, "making pizza boxes, taking food out of the oven, hanging order slips, getting stuff out of the freezer." (*Id.* at ¶ 7). When he was not delivering pizza, Plaintiff claims he was paid below minimum wage, $5.15/ hour; Plaintiff

1

also claims that he regularly worked 12 to 14 hour shifts, without receiving a break or being paid overtime. (*Id.* at ¶¶ 10-11, 14).

Shortly after being hired, Plaintiff claims that Defendant John Parmer accused Plaintiff of being a homosexual individual and regularly directed homophobic epithets at him. (*Id.* at ¶ 15). When Plaintiff addressed Defendant John Parmer and "told [him] off," Parmer responded by "drastically reducing" his hours. (*Id.*).

In January 2015, Plaintiff was hired as a full-time technician with another company, but continued to deliver pizzas for J&J on the weekends. (*Id.* at ¶ 17). According to Plaintiff, in late February, there was a major snowstorm and Defendant John Parmer threatened to fire any drivers who did not come into work. (*Id.* at ¶ 18). Plaintiff claims that he was one of the few drivers who arrived for work and, due to the shortage of drivers, had to make significantly more deliveries. (*Id.* at ¶¶ 19-20). During one round of deliveries, Plaintiff drove over a large ditch in the road, which he later discovered caused significant damage to his rear axle and front wheel hub. (*Id.* at ¶¶ 22-24). Although he continued to drive the car over the next few days, by Friday, he claimed that his car was "virtually undriveable." (*Id.* at ¶¶ 24-25).

Because his car was undriveable, Plaintiff contacted J&J and notified them that he would be unable to deliver pizzas for a few weeks, until his car was repaired. (*Id.* at ¶ 25). According to Plaintiff, J&J[1] had "no problem" with his situation because they had handled a similar matter a few months earlier, when another driver's car was in disrepair and was unable to deliver pizzas for a few months. (*Id.* at ¶ 26). Once the driver purchased another car, J&J "put [him] right back on the schedule, with no problems." (*Id.*). Such was not the case for Plaintiff. On March 25, 2015, after purchasing a new car, Plaintiff drove to J&J to notify them that he could resume delivering

---

[1] It is not clear from the Complaint who Plaintiff actually spoke to.

pizzas again. (*Id.* at ¶ 27). However, much to his chagrin, when Plaintiff arrived at the pizzeria, he was terminated for being absent for three weeks. (*Id.* at ¶ 29). Plaintiff maintains that he did not receive the same treatment or leniency as the other driver who was unable to work for several months. (*Id.* at ¶ 32).

On March 27, 2017, Plaintiff filed his Original Complaint in New Jersey Superior Court, alleging only state-law claims. (ECF No. 8-5 at 2-6 "Original Complaint"). Thereafter, on November 6, 2017, a New Jersey Superior Court judge granted Plaintiff's motion to amend his complaint, which now alleges claims under state and federal law. (ECF No. 1-2 at 12). Specifically, the Amended Complaint alleges violations under the New Jersey Law Against Discrimination (LAD), N.J.S.A. § 10:5-1, *et. seq.*; underpaid wages contrary to the Fair Labor Standards Act (FLSA), 29 § U.S.C. 201-219, and New Jersey Minimum Wage Law (NJWML), N.J.S.A. § 34:11-56a; negligence; and violation of the New Jersey Consumer Fraud Act (NJCFA), N.J.S.A. § 56:8-2. Plaintiff claims that Defendants were served with the proposed Amended Complaint on October, 12, 2017. Nevertheless, on November 14, 2017, eight days after the Superior Court judge granted Plaintiff's motion to amend, Defendants removed the present matter to federal court, pursuant 28 U.S.C. § 1441, since Plaintiff's Amended Complaint alleges a federal cause of action under the Fair Labor Standards Act. (ECF No. 1).

**ANALYSIS**

I. Remand to State Court

As a preliminary issue, Plaintiff seeks to remand the present matter to state court, since Defendants failed to timely remove to federal court within thirty days, as required under 28 U.S.C. 1447(b)(1). According to Plaintiff, because Defendants were aware of Plaintiff's *proposed* Amended Complaint on October 12, 2017, their notice of removal, made on November 14, 2017,

was untimely. Alternatively, Plaintiff argues that Defendants should be barred from seeking removal, since they did not seek to remove Plaintiff's Original Complaint. Defendants contend the time to remove commenced on November 6, 2017, the date when the Amended Complaint became effective, and as such the removal was timely. The Court agrees.

An action that has been removed to federal court can be remanded to state court, pursuant to 28 U.S.C. § 1447(c), if the removal procedure was defective. Section 1447(c) states, in relevant part, that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). According to the Third Circuit, the "party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court." *Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). Accordingly, on a motion to remand, the burden of demonstrating a proper basis for removal remains with the removing party. *See Carroll v. United Air Lines*, 7 F. Supp. 2d 516, 519 (D.N.J. 1998).

A defendant may remove a claim from a state court to federal district court if the district court has original jurisdiction. *See* 28 U.S.C. § 1441(a). One basis for original jurisdiction is federal question. Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."

Here, Plaintiff relies principally on 28 U.S.C. § 1446(b)(3), in support of his contention that Defendants' removal was untimely. Section 1446(b)(3) states:

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

*Id.* Because Defendants were purportedly aware of Plaintiff's Amended Complaint on October 12, 2017, Plaintiff contends that their notice of removal was untimely since it was filed on November 14, 2017, thirty-three days after receipt of the Amended Complaint.

In determining when a complaint becomes removable to federal court, for purposes under 28 U.S.C. § 1447(c), courts in this circuit have adopted the majority rule, which states, "an amended complaint that would provide a basis for subject matter jurisdiction does not become removable until the motion to amend is granted and the amended complaint becomes effective." *McDonough v. UGL Unicco*, 766 F. Supp. 2d 544, 547 (E.D. Pa. 2011). This is also consistent with majority of circuits that have also addressed this issue. *See Freeman v. Blue Ridge Paper Prods.*, 551 F.3d 405, 409-10 (6th Cir. 2008); *Savilla v. Speedway Superamerica, LLC*, 91 F. App'x 829, 831-32 (4th Cir. 2004); *Sullivan v. Conway*, 157 F.3d 1092, 1094 (7th Cir. 1998); *Concordia Partners, LLC v. Pick*, No. 14-09, 2014 U.S. Dist. LEXIS 112571, at *6 (D. Me. Aug. 14, 2014).

Here, the Superior Court judge granted Plaintiff's motion to amend his complaint on November 6, 2017. (ECF No. 1-2 at 12). As such, the Amended Complaint became effective, at the earliest, on that date. Therefore, guided by the majority rule, the Court is satisfied that Defendant's removal was timely, since it was made eight days after the Superior Court granted Plaintiff's motion to amend. For these same reasons Plaintiff's alternative argument that Defendants should be barred from seeking removal since it did not seek removal of the Original Complaint also fails. Because the original complaint did not allege any federal claims, Defendants lacked any basis for removal; however, when the Amended Complaint, which includes a federal cause of action, became effective, Defendants then had a legal basis for removal. Therefore, since

the Court finds that Defendants timely removed the Amended Complaint, Plaintiff's motion to remand is denied.

## II. Rule 12 (b)(6) Motion to Dismiss

Having determined that the Court has jurisdiction over the present matter, the Court next considers Defendants' cross motion to dismiss. The Court addresses each count in turn.

On a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court is required to accept as true all allegations in the Complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. *See Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 (3d Cir. 1994). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court will accept well-pleaded allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *Iqbal*, 556 U.S. at 678-79; *see also Morse v. Lower Merion School District*, 132 F.3d 902, 906 (3d Cir. 1997). A complaint should be dismissed only if the well-pleaded alleged facts, taken as true, fail to state a claim. *See In re Warfarin Sodium*, 214 F.3d 395, 397-98 (3d Cir. 2000). The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. *Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2001. The pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" *Kost v. Kozakewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Wright & Miller, Fed. Practice & Procedure: Civil 2d § 1357 at 340). "While

a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact), . . . ." *Id.*

Where, as here, Plaintiff is proceeding *pro se*, the Court should read Plaintiff's complaint generously and hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). However, "a *pro se* plaintiff is not exempt from his burden of providing some affirmative evidence, i.e. not just mere allegations, to establish a prima facie case, and to show that there is a genuine dispute for trial." *Niblack v. Murray*, No. 12-6910, 2016 U.S. Dist. LEXIS 99325, at *7 (D.N.J. July 29, 2016) (citing *Barnett v. N.J. Transit Corp.*, 573 F. App'x 239, 243 (3d Cir. 2014)).

A.

Rather than address the merits of Defendants' Motion to Dismiss, Plaintiff argues the Court is precluded from considering Defendants' motion altogether under the law of the case doctrine. Specifically, Plaintiff contends that because the New Jersey Superior Court judge denied Defendants' motions to dismiss, the Court cannot now entertain the present motion. Defendants respond, arguing that the doctrine is inapplicable since the State Superior Court judge "never ruled on a motion to dismiss as to the claims set forth in the Amended Complaint." (Defs' Reply Brief at 6). The Court agrees.

"The law of the case doctrine 'limits relitigation of an issue once it has been decided' in an earlier stage of the same litigation." *Hamilton v. Leavy*, 322 F.3d 776, 786-87 (3d Cir. 2003)

(quoting *In re Cont'l Airlines, Inc.*, 279 F.3d 226, 232 (3d Cir. 2002)). "Courts apply the law of the case doctrine when their prior decisions in an ongoing case either expressly resolved an issue or necessarily resolved it by implication." *UA Theatre Circuit v. Twp. of Warrington*, 316 F.3d 392, 394 (3d Cir. 2003) (quoting *Aramony v. United Way of America*, 254 F.3d 403, 410 (2d Cir. 2001)). However, this doctrine does not apply when: "(1) new evidence is available; (2) a supervening new law has been announced; or (3) the earlier decision was clearly erroneous and would create manifest injustice." *Pub. Interest Research Grp. of N.J., Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 117 (3d Cir. 1997). Additionally, it is well-established that a court's pre-discovery rulings do not constitute the law of the case for subsequent litigation. *See Lodato v. Ortiz*, 314 F. Supp. 2d 379, 388 n.5 (D.N.J. 2004); *Pure Power Boot Camp, Inc. v. Warrior Fitness Boot Camp, LLC*, 759 F. Supp. 2d 417, 424 (S.D.N.Y 2010) (citing cases). It is the Court's discretion to determine whether to refrain from re-addressing an issue that was resolved previously. *Pub. Interest Research Grp.*, 123 F.3d at 116.

Here, the Court finds Plaintiff's invocation of the doctrine misplaced. First, the Court has never rendered any ruling on the issues presently before it. Second, the issues presented before the New Jersey Superior Court are different from those now before this Court. (ECF No. 6-2, at 18 "Superior Court Opinion"). Before the New Jersey Superior Court was Plaintiff's motion to amend his complaint, and Defendants' cross-motion to dismiss Defendant Domino's Inc. as a party. (*Id.* at 1). In denying Defendant's cross-motion to dismiss without prejudice, the state court reasoned, broadly, that since discovery was ongoing, "evidence demonstrating Defendant Domino's liability may be produced." (*Id.* at 8).[2] As such, since the issues presented in

---

[2] It should also be noted that the Superior Court denied Count VI of Plaintiff's proposed amended complaint, which alleges negligent representation.

8

Defendants' present Motion to Dismiss have never been addressed, the law of the case doctrine does not apply. *See Farmer v. Lanigan*, No. 12-5716, 2016 U.S. Dist. LEXIS 99992, at *9-10 (D.N.J. Aug. 1, 2016).

B.

Defendants seek dismissal of Counts I through IV, which allege violations of the LAD, FLSA, and NJWHL, since Plaintiff failed to file these claims within the appropriate statute of limitation periods. The Court notes that although affirmative defenses, such as statute of limitations, should be raised in the answer to a complaint pursuant Federal Rule of Civil Procedure 8(c); however, "if 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations,'" a party may raise a limitations defense under Rule 12(b)(6). *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002). The Court considers each count in turn.

*1. Statute of Limitations*

LAD

Under Counts I and II, Plaintiff alleges violations of the LAD. Specifically, under Count I, Plaintiff alleges that he was subjected to a hostile work environment, based principally on homophobic slurs and gestures directed towards him by Defendant John Parmer. (Complaint at ¶¶ 66-70). Under Count II, Plaintiff claims that he was wrongfully terminated based on his perceived sexual orientation, contrary to the LAD. (*Id.* at ¶¶ 71-74). Because both claims are subject to a two year statute of limitations, Defendants contend Plaintiff's LAD claims are time-barred.

It is well-settled that claims under the LAD are subject to a two-year statute of limitations. *See Alexander v. Seton Hall University*, 8 A.3d 198, 202-03 (N.J. 2010) (citing N.J.S.A. § 2A:14-2(a)). "Determining when the limitation period begins to run depends on when the cause of action

accrued, which in turn is affected by the type of conduct a plaintiff alleges to have violated the LAD." *Id.* at 203. For example, "[d]iscriminatory termination and other similar abrupt, singular adverse employment actions that are attributable to invidious discrimination, prohibited by the LAD, generally are immediately known injuries, whose two-year statute of limitations period commences on the day they occur." *Id.*

In Count I, Plaintiff alleges he was subjected to a hostile work environment contrary to the LAD. "In a hostile work environment claim under the LAD where 'an individual is subjected to a continual, cumulative pattern of tortious conduct, the statute of limitations does not begin to run until the wrongful action ceases.'" *Toto v. Princeton Twp.* 962 A.2d 1150, 1155 (N.J. Super. Ct. App. Div. 2009) (quoting *Wilson v. Wal-Mart Stores*, 729 A.2d 1006, 1010 (N.J. 1999)). As such, for purposes of determining the statute of limitations, the Court looks to see when the last alleged incident of harassment occurred. In his Amended Complaint, Plaintiff claims he began experiencing harassment when he was first hired as a pizza delivery driver in September 2014 and continued thereafter. Because he was fired on March 25, 2015, the Court finds that the last wrongful event that could have possibly occurred was on that date. However, since Plaintiff's original Complaint was not filed until March 27, 2017, Count I falls outside the two-year statute of limitations and is, therefore, time-barred. Similarly, because Count II, which alleges wrongful termination, arises from a "singular adverse employment action," it too falls outside of the two-year statute of limitation period. *Alexander*, 8 A.3d at 202-03. As such, Counts I and II are dismissed as time-barred.[3]

---

[3] At oral argument, Plaintiff argued that under the "the weekend rule," his complaint falls within the statute of limitations. As best the Court can tell, Plaintiff attempts to rely on Federal Rule of Civil Procedure 6, which sets forth rules for computing time periods, based on various circumstances. However, given that the date he was fired and the date he filed his complaint both fell on weekdays, the Court finds Plaintiff's argument without merit.

## FLSA

Under Count III, Plaintiff claims that Defendants failed to pay him overtime compensation, under 29 U.S.C. § 207(a)(1), and that he was paid below minimum wage, contrary to 29 U.S.C. § 206(a)(1)(C). (Complaint at ¶¶ 75-89). Specifically, "on the last weekend of Feb[ruary] 2015," Plaintiff claims that Defendants withheld his last paycheck. (*Id.* at ¶¶ 87-88). Defendants seek dismissal of Count III, since Plaintiff failed to file his complaint within the two year statute of limitations period.

"Pursuant to 29 U.S.C. § 255(a), an action for unpaid overtime compensation under the FLSA must be 'commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued.'" *Henchy v. City of Absecon*, 148 F. Supp. 2d 435, 437 (D.N.J. 2001); *see also Gaytan v. G&G Landscaping Constr., Inc.*, 145 F. Supp. 3d 320, 327 (D.N.J. 2015) (quoting 29 U.S.C. § 255(a)). For purposes of Section 255, an action is commenced on the date that the complaint is filed. 29 U.S.C. § 256(a). "It is well settled that a separate cause of action for overtime compensation accrues at each regular payday immediately following the work period during which the services were rendered and for which the overtime compensation is claimed." *Henchy*, 148 F. Supp. 2d at 437 (internal quotation marks and citation omitted). In order to bring himself under the three-year statute of limitations period, Plaintiff must demonstrate willfulness; that is, Plaintiff must allege "that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute -- is surely a fair reading of the plain language of the Act." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). "Evidence of an awareness of a possible violation and 'indifference toward the

11

requirements imposed by the FLSA', [also], supports a finding of willfulness." *Antoine v. KPMG Corp.*, No. 08-6415, 2010 U.S. Dist. LEXIS 1907, at *20 (D.N.J. Jan. 6, 2010) (quoting *Martin v. Selker Bros.*, 949 F.2d 1286, 1296 (3d Cir. 1991)).

For purposes of this motion, because the Amended Complaint alleges willful violations of the FLSA, the Court finds Plaintiff's FLSA claim falls within the three-year statute of limitations. *See, e.g., Gervasio v. Wawa Inc.*, No. 17-245, 2018 U.S. Dist. LEXIS 4899, at *15 n.1 (Jan. 10, 2018). As such, since the Amended Complaint was filed within three years, Defendants' Motion to Dismiss Plaintiff's FLSA claim is denied without prejudice.

NJWHL

Defendants also seek dismissal of Count IV, violation of the NJWHL, since it is time-barred. Under the NJWHL, "[n]o claim for unpaid minimum wages, unpaid overtime compensation, or other damages under this act shall be valid with respect to any such claim which has arisen more than 2 years prior to the commencement of an action for the recovery thereof." N.J.S.A. § 34:11-56a25.1. Since the NJWHL was modeled after the FLSA, "[t]he Court sees no reason to distinguish between the accrual of claims for unpaid wages or overtime under the FLSA and the accrual of analogous claims under the NJWHL." *Garcia v. Tenafly Gourmet farms, Inc.*, No. 11-6828, 2012 U.S. Dist. LEXIS 28649, at *10 (D.N.J. Mar. 1, 2012); *Marx v. Friendly Ice Cream Corp.*, 882 A.2d 374, 378 (N.J. Super. Ct. App. Div. 2005) (noting that the NJWHL is patterned after the FLSA). However, unlike the FLSA, the NJWHL does not contain a similar provision that makes an exception for willful conduct. *See Moeck v. Gray Supply Corp.*, No. 03-1950, 2006 U.S. Dist. LEXIS 511, at *10 (D.N.J. Jan. 5, 2006). As discussed above, since Plaintiff's NJWHL claims arose prior to March 27, 2015, two years before he filed his original

complaint, his claims are time-barred under N.J.S.A. § 34:11-56a25.1. Therefore, Count IV is dismissed.

*2. Negligence*

Defendants next seek dismissal of Count V, negligence, since Plaintiff has failed to identify any negligent conduct on the part of Defendants. Here, Plaintiff claims that Defendants were negligent in having Plaintiff drive in "treacherous conditions" during the winter storm, which caused damaged to his car. (Complaint at ¶¶ 106-08).

In New Jersey, "[t]o sustain a cause of action for negligence, a plaintiff must establish four elements: (1) a duty of care, (2) a breach of that duty, (3) proximate cause, and (4) actual damages." *Townsend v. Pierre*, 110 A.3d 52, 61 (N.J. 2015) (internal quotation marks and citation omitted). Here, for purposes of this motion, the Court is satisfied that there are sufficient facts pled demonstrating Defendants' negligence. As Plaintiff's employer, they owed him a duty of care (employer-employee), which was breached by requiring him to deliver pizzas during a snowstorm. In addition, it is reasonably foreseeable that driving in such conditions could result in damage to one's vehicle when visability was poor. As such, Count V survives Defendants' Motion to Dismiss.

*3. New Jersey Consumer Fraud Act (NJCFA).*

Defendants next seek dismissal of Count VII, NJCFA, since Plaintiff fails to allege any of the requisite elements to sustain such a claim. The Court agrees. The NJCFA was "aimed basically at unlawful sales and advertising practices designed to induce consumers to purchase merchandise or real estate." *Daaleman v. Elizabethtown Gas Co.*, 390 A.2d 566, 568 (N.J. 1978); *see also* N.J.S.A. § 56:8-2. "The NJCFA only creates a cause of action for 'bona fide consumers of [a] product.'" *Smith v. Trusted Universal Standards in Elec. Transactions, Inc.*, No. 09-4567, 2010

U.S. Dist. LEXIS 43360, at *13 (D.N.J. May 4, 2010) (quoting *Grauer v. Norman Chevrolet Geo*, 729 A.2d 522, 524 (N.J. Super. Ct. Law Div. 1998)). Fatal to Plaintiff's NJCFA claim is the fact that he is not a bona fide consumer; moreover, the events giving rise to his Complaint do not constitute a consumer transaction. *See id.* As best the Court can tell, the basis of Plaintiff's NJCFA claim is that J&J paid him below the minimum wage. However, this does not make him a consumer nor does it constitute a consumer transaction under the Act. As such, the Court grants Defendants' Motion to Dismiss Count VII.

*4. Dismissal of Domino's Pizza As a Party*

Finally, Defendants seek dismissal of Domino's Pizza as a defendant, since it is not Plaintiff's employer under the FLSA.[4] Specifically, Defendants contend that, under its franchise agreement, Domino's Pizza divested itself of control over how J&J operated the store and made employment decisions. (Franchise Agreement at 29, 36, 56). As such, Defendants argue that Domino's Pizza is not liable for any purported misconduct made by J&J or the Parmers.

"Courts have consistently held that the franchisor/franchisee relationship does not create an employment relationship between a franchisor and a franchisee's employees." *Ping Chen v. Domino's Pizza, Inc.*, No. 09-107, 2009 U.S. Dist. LEXIS 96362, at *10 (D.N.J. Oct. 16, 2009) (citing cases). "[T]he mere fact that a franchisor's sign appears on a building and the employees within that building wear uniforms bearing the franchisor's logo and insignia" does not necessarily impose liability upon the franchisor based on the franchisee's misconduct. *Pona v. Cecil Whittaker's, Inc.*, 155 F.3d 1034, 1036 (8th Cir. 1998). Here, the sole issue is whether Domino's

---

[4] Because Plaintiff's LAD and NJWHL claims are time-barred, the Court limits its discussion on this issue as it pertains to the FLSA.

14

Pizza demonstrated sufficient control over the operations of J&J pizza, to be considered an employer under the FLSA.

The FLSA defines an employer as, "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization." 29 U.S.C. § 203(d). Likewise, under the FLSA an employee is defined as "any individual employed by an employer." 29 U.S.C. § 203(e)(1). The Third Circuit has set forth several factors for the court to consider when determining whether an employment relationship exists under the FLSA:

> 1) The degree of the alleged employer's right to control the manner in which the work is to be performed; 2) the alleged employee's opportunity for profit or loss depending upon his managerial skill; 3) the alleged employee's investment in equipment or materials required for his task, or his employment of helpers; 4) whether the service rendered requires a special skill; 5) the degree of permanence of the working relationship; 6) whether the service rendered is an integral part of the alleged employer's business

*Cahill v. City of New Brunswick*, 99 F. Supp. 2d 464, 471 (D.N.J. 2000) (citing *Donovan v. DialAmerica Marketing, Inc.*, 757 F.2d 1376, 1382 (3d Cir. 1985)).

Here, given that this matter is only at the pleading stage, and the Plaintiff is pro se, the Court is reluctant to grant Defendant's motion on this issue, since discovery may unveil additional facts, such as personnel manuals that are developed by Dominos in addressing employee wages and policies, that create existence of an employment relationship. As such, at this juncture, Defendant's Motion to Dismiss Domino's Pizza as a party is denied.

## ORDER

Having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented, and for good cause shown, and for all of the foregoing reasons,

IT IS on this 23rd day of April, 2018,

**ORDERED** that Plaintiff's Motion to Remand is **DENIED**; and it is further

**ORDERED** that Defendants' Motion to Dismiss is granted in part and denied in part as follows:

- Defendants' Motion to Dismiss Counts I, II, IV, and VII is **GRANTED** without prejudice.
- Defendants' Motion to Dismiss Counts III and V are **DENIED**.
- Defendants' Motion to Dismiss Domino's Pizza as a party is **DENIED**

_____
PETER G. SHERIDAN, U.S.D.J.