UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN D'AGOSTINO,<br><br>*Plaintiff,*<br><br>v.<br><br>DOMINO'S PIZZA INC., *et al.*,<br><br>*Defendants.* | Civil Action No.<br>3:17-cv-11603 (PGS) (TJB)<br><br>MEMORANDUM<br>AND ORDER |

**SHERIDAN, U.S.D.J.**

This matter comes before the Court on *pro se* Plaintiff Steven D'Agostino's ("Plaintiff" or "D'Agostino") appeal of Magistrate Judge Bongiovanni's November 15, 2019 Letter Order regarding discovery issues (ECF No. 60) (the "Letter Order") pursuant to Local Rule 72.1(c)(1) (ECF No. 61); Plaintiff's motion for Judge Bongiovanni's recusal (*id.*); a cross-motion to dismiss the complaint pursuant to Fed. R. Civ. P. 41(b) filed by Defendants Domino's Pizza Inc., J&J Pizza, Inc., John Palmer[1], and Jason Palmer (and collectively, "Defendants") (ECF No. 62); and requests for sanctions (*see id.*). For the reasons stated in this Memorandum, the Letter Order is affirmed; Plaintiff's motion for Judge Bongiovanni's recusal is denied; Defendants' motion to dismiss the complaint is denied; and any motions for sanctions are denied.

I.

The underlying facts in this matter are not set forth at length herein because they were adequately set forth in a prior memorandum. (*See* ECF No. 22). For context, Plaintiff worked for Defendants as a pizza delivery driver and, on March 25, 2015, was terminated after not

---

[1] Unfortunately, the Court received a suggestion of death for John Parmer on January 6, 2020. (ECF No. 63).

having worked the prior three weeks. (Amended Complaint ¶ 29, ECF No. 1-2). Throughout his employ with Defendants, Plaintiff claims that he was paid below minimum wage, and that he worked 12 to 14-hour shifts without receiving a break or being paid overtime. (*Id.* ¶¶ 10-11, 14). In addition, Plaintiff avers that Defendant John Parmer regularly "accused" Plaintiff of being a homosexual and directed homophobic epithets towards him. (*Id.* ¶ 15). Based on the foregoing allegations, among others, Plaintiff interposes claims under the New Jersey Law Against Discrimination N.J.S.A. § 10:5-1, *et. seq.*, the Fair Labor Standards Act, 29 U.S.C. §§ 201-219; New Jersey's Minimum Wage Law, N.J.S.A. § 34:11-56, *et. seq.*, and for negligence.

II.

## MOTION FOR RECUSAL

As a preliminary matter, Plaintiff moves for Judge Bongiovanni's recusal. (Plaintiff's Letter Brief, ECF No. 61-1). Plaintiff alleges that recusal is warranted because the Letter Order was purportedly designed to punish Plaintiff for not agreeing to a settlement offer at an April 2019 settlement conference, which Judge Bongiovanni allegedly conducted in an unfair manner. (*Id.* at 1-3).

Under 28 U.S.C. § 455(a), "any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." *Id.* In particular, "Section 455(a) requires judicial recusal 'if a reasonable person, knowing all the circumstances, would expect that the judge would have actual knowledge' of his interest or bias in a case." *Avila v. New Jersey*, No. CIV.A. 13-0779 JAP, 2013 WL 4597096, at *3 (D.N.J. Aug. 29, 2013) (quoting *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 860 (1988)).

Plaintiff's "motion for the recusal of Judge [Bongiovanni] addressed to this Court is . . .

invalid." *Huertas v. City of Camden*, No. CIV. 06-CV-4676NLHAM, 2009 WL 3151312, at *4 (D.N.J. Sept. 24, 2009) (citation omitted). "A magistrate judge cannot be removed by another judge using a recusal standard." *Id.* Rather, "[t]he proper procedure would be to bring a motion to recuse before the magistrate judge [herself]." *Id.* Accordingly, Plaintiff's request for Judge Bongiovanni's recusal is denied[2].

### III.

### MERITS OF APPEAL

On May 17, 2019, Judge Bongiovanni issued a letter order directing the parties to exchange discovery letters and to subsequently submit an outline of any remaining discovery issues by June 21, 2019. As such, on June 20, 2019 and June 21, 2019, Defendants and Plaintiff, respectively, submitted to Judge Bongiovanni letters setting forth their perceived discovery issues. The Letter Order on appeal substantially addressed those issues. (Letter Order at 1). The Letter Order adjudicates, both, Plaintiff's issues regarding the scope of discovery and Defendants' more narrowly tailored issues concerning what they believed to be interrogatory deficiencies and categories of documents that Plaintiff had failed to produce. (*Id.*). In the present appeal, Plaintiff seeks this Court's review of each of Judge Bongiovanni's discovery findings in her Letter Order. (*See generally* Appeal, ECF No. 61).

It is well-established that "[a] United States Magistrate Judge may hear and determine any non-dispositive pretrial matter pending before the Court pursuant to 28 U.S.C. § 636(b)(1)(A)." *Altana Pharma AG v. Teva Pharm. USA, Inc.*, No. CIV.A 04-2355 JLL, 2010 WL 451168, at *1 (D.N.J. Feb. 5, 2010). Generally, a district court will only reverse a magistrate judge's finding if it is "clearly erroneous or contrary to law." *Id.* (citing 28 U.S.C. §

---

[2] Despite Plaintiff's contention, Judge Bongiovanni is a professional, considerate and civil judge.

636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A)). The movant bears the burden of demonstrating that the magistrate judge's decision was clearly erroneous or contrary to law. *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004).

However, where, as here, "an appeal seeks review of a matter within the purview of the Magistrate Judge, such as a discovery dispute, an even more deferential standard, the 'abuse of discretion standard' must be applied." *Salamone v. Carter's Retail, Inc.*, No. CIV.A. 09-5856 FLW, 2012 WL 821494, at *3 (D.N.J. Mar. 9, 2012) (collecting cases). "An abuse of discretion occurs 'when the judicial action is arbitrary, fanciful or unreasonable, which is another way of saying that discretion is abused only where no reasonable man would take the view adopted by the trial court. If reasonable men could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion.'" *Id.* (quoting *Lindy Bros. Builders of Philadelphia v. Am. Radiator & Standard Sanitary Corp.*, 540 F.2d 102, 115 (3d Cir. 1976)).

To be sure, "[t]here is particularly broad deference given to a magistrate judge's discovery rulings." *Farmers & Merchants Nat. Bank v. San Clemente Fin. Grp. Sec., Inc.*, 174 F.R.D. 572, 585 (D.N.J. 1997); *Halsey v. Pfeiffer*, No. CIV.A. 09-1138, 2010 WL 3735702, at *1 (D.N.J. Sept. 17, 2010). As Judge Bongiovanni noted in her Letter Order, it is "well-settled that Magistrate Judges have broad discretion to manage their docket and to decide discovery issues." *Gerald Chamales Corp. v. Oki Data Americas, Inc.*, 247 F.R.D. 453, 454 (D.N.J. 2007); *see also In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982).

With Fed. R. Civ. P. 26(b) and Judge Bongiovanni's Letter Order in mind, the Court will proceed to the disputed issues. The discovery issues on appeal are reviewed in the same bullet-point order presented in the Letter Order and Plaintiff's appeal.

- Judge Bongiovanni did not abuse her discretion in denying Plaintiff's request for a copy of the weekly working schedules that were posted on the wall of J&J Pizza's restaurant for each week of Plaintiff's employment. The Magistrate appropriately concluded that even though this information was generally discoverable, it was nevertheless appropriate to deny Plaintiff's request on Defendant J&J Pizza's statement that the requested information no longer exists or was in its possession. (Letter Order at 2). The Magistrate directed Defendants to submit a certification to this effect. (*Id.*). On November 25, 2019, Defendants timely submitted same attesting that the requested work schedules no longer existed. (Cross-Motion to Dismiss, Affidavit of Counsel, Ex. G ¶ 2, ECF No. 62-3). Accordingly, for these reasons, Judge Bongiovanni's ruling is affirmed. Moreover, the Court agrees with the Magistrate's findings that the "Clock In/Clock Out Summaries" during the months in which Plaintiff worked at J&J Pizza may reasonably lead to relevant evidence regarding Plaintiff's alleged harassment and therefore should be produced without redactions. (Letter Order at 2). Thus, her decision is affirmed in this respect, as well.

- Judge Bongiovanni did not abuse her discretion in denying Plaintiff's request for the last known addresses of current and former employees so that Plaintiff may contact them for oral depositions. In reaching her decision, the Magistrate correctly balanced the privacy interests of Plaintiff's former coworkers against the relevance and need for the information, in accordance with Fed. R. Civ. P. 26(b). Ultimately, Judge Bongiovanni rebuked Plaintiff's request as a "fishing expedition," as Plaintiff failed to identify which, if any, of his former co-workers may have relevant information. Moreover, since Plaintiff could not identify same, the Magistrate found that oral depositions were not "the most effective way to discover the information he seeks" (Letter Order at 2); but still afforded Plaintiff an opportunity to issue written deposition questions to current employees who worked the same shifts as Plaintiff to detect discoverable information. (*Id.*). Specifically, Judge Bongiovanni directed Plaintiff to serve upon Defendant J&J Pizza no more than 10 interrogatory questions to be provided by Defendant to current employees who had been employed during Plaintiff's tenure, that is, J&J Pizza employees who worked during the months of September 2014—February 2015. (*Id.*). Then, based on the responses to Plaintiff's interrogatories, Plaintiff was afforded an opportunity to proffer an argument as to the relevance of deposing specific employees—current or former. (*Id.*). Moreover, the court further provided Plaintiff an opportunity to renew his request for depositions, after Plaintiff receives responses to the interrogatories, by providing Defendant J&J Pizza with an explanation of relevant information the employee has and why a deposition is warranted. (*Id.*). In sum, there is no abuse of discretion under this reasonable and balanced discovery approach outlined above; and same is affirmed.

- Judge Bongiovanni did not abuse her discretion in denying Plaintiff's request for the names of the subsidiaries and/or affiliates that developed "the various software [Domino's] uses" "to monitor and control various aspect of the business practices of [its] franchises." (Letter Order at 3; *see also* Appeal, Ex. 2). Plaintiff purports that discovery of same will "reveal the truth; namely, that [Domino's Pizza Inc.] controls virtually all aspects of the daily operations of each of its franchisees." (Appeal at 2). The Court

5

agrees with the Magistrate that, generally, "Plaintiff is entitled to explore this relationship to determine liability" (Letter Order at 3); but, the Court shares the Magistrate's skepticism regarding whether the computer and software information Plaintiff seeks is the best method for probing the business relationship between Domino's Pizza Inc. and its franchisees. Rather, the Court finds reasonable Judge Bongiovanni's order directing Domino's Pizza and J&J Pizza to produce a copy of the franchise agreement, as well as any other information that would demonstrate which entity was in control of paying Plaintiff's wages and other benefits. (*See id.*). Thus, Judge Bongiovanni's decision is affirmed.

- Oddly, Plaintiff appeals Judge Bongiovanni's decision to deny Defendants' request to file a motion to dismiss at this time, without prejudice. Plaintiff's argument is not clearly stated. (*See* Appeal at 3). Plaintiff fails to set forth any reasonable basis for his request. (*See id.*). Accordingly, Judge Bongiovanni's decision is affirmed.

- Judge Bongiovanni did not abuse her discretion in granting Defendants' request for the caption and docket numbers for all lawsuits to which Plaintiff has been a party since 2007 (Interrogatory No. 40). Generally, "litigation history is discoverable and not particularly burdensome for Plaintiff to produce." (Letter Order at 3). Thus, the Court affirms the Magistrate's decision. *See* Fed. R. Civ. P. 26(b). Moreover, Plaintiff sets forth no cognizable reason as to why Judge Bongiovanni's decision to <u>deny</u> Defendants' request for copies of Plaintiff's previously answered interrogatories (Interrogatory No. 16), without prejudice, was an abuse of discretion. (Appeal at 3). Accordingly, the Magistrate's findings are affirmed.

- Judge Bongiovanni did not abuse her discretion in granting Defendants' request for Plaintiff's calculations of any loss of income, profits or earnings (Interrogatory Nos. 18 and 19), based on her finding that this "information is directly relevant to Defendants' stated defenses." (Letter Order at 3). On appeal, Plaintiff does not dispute the Magistrate's relevancy determination. (Appeal at 3). Rather, Plaintiff seems to argue that the scope of the information sought would be unreasonably burdensome, particularly in view of the time allowed to produce such information. (*Id.*). Specifically, Plaintiff estimates that he would "need at least a month and half, if not 2 months, in order to get [the request] completed." (*Id.*). Accordingly, Judge Bongiovanni's decision to grant Defendants' request for the calculations of any loss of income, profits, or earnings is affirmed. Plaintiff may move before Judge Bongiovanni for an order seeking an enlargement of time to complete the production.

- Similarly, Judge Bongiovanni did not abuse her discretion in granting Defendants' request for Plaintiff's tax returns from the period of time Plaintiff claims "lost wages, profit, earning and/or income" (Interrogatory No. 15). (Letter Order at 3). This Court agrees that same is discoverable information pursuant to Fed. R. Civ. P. 26. To the extent that Plaintiff argues on appeal that he did not file a tax return for 2014 and does not have access to 2015 tax return (Appeal at 3), Plaintiff must submit a certification to Judge Bongiovanni to that effect, in accordance with the Letter Order (Letter Order at 3).

- Judge Bongiovanni did not abuse her discretion in ordering Plaintiff to respond to the "Medicare Interrogatories." (Letter Order at 3). These are standard interrogatories that can be easily answered.

- Judge Bongiovanni did not abuse her discretion in granting Defendants' request for additional information in response to Interrogatory Nos. 25, 26, 28, 29, 30. (Letter Order at 3). In her broad discretion, the Magistrate found that the Interrogatories requested specific, relevant information that Plaintiff failed to adequately provide. (*See id.*). With respect to Interrogatory No. 25, Plaintiff may not rest on the alleged typographical error (Appeal at 4), and is directed to respond to the Interrogatory as clarified by Defendant, which seeks "specific information as to your allegations of discrimination (in this case meaning your alleged perceived sexual orientation claim)." (Appeal, Ex. 5). Moreover, the Court affirms Judge Bongiovanni's order to extent that she determined that Plaintiff's response to Interrogatory No. 26 failed to provide specific, relevant information sought by Defendants.

- Finally, Judge Bongiovanni did not abuse her discretion in finding that Defendant may take a discovery deposition of Plaintiff regarding Defendants' request for wage and hour information (a listing of Plaintiff's job responsibilities with Defendants (Interrogatory No. 24)), factual information supporting the claim that Plaintiff was asked to perform tasks beyond his role (Interrogatory No. 36); and a factual basis for Plaintiff's claim that he is entitled to overtime pay (Interrogatory No. 44). Magistrate judges maintain broad discretion in determining whether depositions are warranted. *Net2phone, Inc. v. Ebay, Inc.*, No. CIV.A. 06-2469 (KSH), 2008 WL 4755612, at *1 (D.N.J. Oct. 27, 2008) ("[M]agistrate judge has wide-ranging authority to conduct discovery in the manner he or she deems fit."). Accordingly, Judge Bongiovanni's decision is affirmed, and a deposition shall follow as directed.

In sum, for all of the foregoing reasons, the Letter Order is affirmed as provided above.

## IV.

### MOTION TO DISMISS THE COMPLAINT

Defendants move to dismiss this action with prejudice because Plaintiff failed to "comply with . . . Magistrate Judge Bongiovanni's November 15, 2019 Letter Order" and has been generally dilatory throughout the discovery process. (Defendants' Opp. and Cross-Motion at 21-25, ECF No. 62-4). Pursuant to Fed. R. Civ. P. 41(b), "[i]f the plaintiff fails to prosecute . . . or to comply with . . . a court order, a defendant may move to dismiss the action or any claim

against it." *Id.*; *see generally Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984).

Since Plaintiff is proceeding *pro se*, the Court reviews Plaintiff's conduct more liberally than that of an attorney. *See Greene v. Perez*, No. CV 2:13-5493 (WJM), 2019 WL 1275079, at *2 (D.N.J. Mar. 20, 2019). Defendants' motion is premature. Plaintiff should be allowed thirty (30) days to respond to any outstanding discovery requests as specified by Judge Bongiovanni in her Letter Order.

V.

SANCTIONS

In their opposition to Plaintiff's appeal, Defendants also urged that Plaintiff should be sanctioned in connection with his allegedly baseless accusations that counsel has defended this matter in an unethical manner and defense counsel is a liar. (Defendants' Opp. and Cross-Motion at 18-21). In reply, Plaintiff asserts his own arguments for why sanctions should be imposed against defense counsel. (*See* Pl. Reply at 11-14).

Among other things, a motion for sanctions under Rule 11 must be made separately from other motions or requests. Fed.R.Civ.P. 11(c)(2). Here, neither party properly seeks sanctions by separate motion; and, as such, the requests are denied. *See Lai v. Wei*, No. CIV.07 179 DRD, 2007 WL 1456200, at *4 (D.N.J. May 15, 2007) (collecting cases); *Int'l Ass'n of Firefighters, Local 1197 v. Twp. of Edison*, No. 2:12-CV-00260 WJM, 2013 WL 396152, at *7 (D.N.J. Jan. 31, 2013).

Moreover, Plaintiff is proceeding *pro se*, and the Court will liberally construe his conduct, despite the offensive nature of Plaintiff's remarks about defense counsel who, from my experience, has always been professional and civil. For these reasons, the Court will not award sanctions at this time, and any such motions are denied.

8

**ORDER**

**THIS MATTER** having come before the Court on *pro se* Plaintiff Steven D'Agostino's ("Plaintiff") appeal of Magistrate Judge Bongiovanni's November 15, 2019 Letter Order (ECF No. 60) pursuant to Local Rule 72.1(c)(1) (ECF No. 61); a motion for Judge Bongiovanni's recusal (*id.*); a cross-motion to dismiss the complaint pursuant to Fed. R. Civ. P. 41(b) filed by Defendants Domino's Pizza Inc., J&J Pizza, Inc., John Palmer, and Jason Palmer (and collectively, "Defendants") (ECF No. 62); and sanctions (*id.*); and the Court having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments presented therein; and for the reasons stated on the record; and for good cause shown; and for all of the foregoing reasons,

**IT IS** on this 12 day of March, 2020,

**ORDERED** that Magistrate Judge Bongiovanni's November 15, 2019 Letter Order (ECF No. 61) is **AFFIRMED** as provided in the accompanying Memorandum; and it is further

**ORDERED** that Defendants' cross-motion to dismiss is **DENIED** (ECF No. 62); and it is further

**ORDERED** that Plaintiff's request for Magistrate Judge Bongiovanni's recusal is **DENIED**; and it is further

**ORDERED** that any requests and/or motions for sanctions are **DENIED**.

*[signature]*
PETER G. SHERIDAN, U.S.D.J.