UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN D'AGOSTINO,<br><br>*Plaintiff,*<br><br>v.<br><br>DOMINO'S PIZZA INC., *et al.*,<br><br>*Defendants.* | Civ. Action No.: 3:17-cv-11603 (PGS)(TJB)<br><br>MEMORANDUM<br>AND ORDER DENYING<br>THE APPEAL OF THE<br>SETPEMBER 2020 LETTER ORDER<br>(ECF NO. 79) AND<br>NOVEMBER 2021 LETTER ORDER<br>(ECF NO. 108) |

This matter comes before the Court on *pro se* Plaintiff Steven D'Agostino's appeals of Magistrate Judge Bongiovanni's September 28, 2020 Letter Order and November 16, 2021 Letter Order regarding discovery issues. L. Civ. R. 72.1(c)(1). (ECF No. 79, 108)[1]. Oral argument was heard via telephone on February 22, 2022. After reviewing both appeals, Judge Bongiovanni's Letter Orders are affirmed. The facts are set forth in a prior memorandum (ECF No. 22) and are incorporated at length herein together with some additional pertinent procedural history.

I.

The two Letter Orders in issue are described below. On September 28, 2020, Judge Bongiovanni issued a Letter Order ("the September 2020 Order")

---

[1] On or around December 28, 2020, Defendant J&J Pizza filed for bankruptcy and this case was administratively terminated via text order. (ECF No. 89). On June 2, 2021, the administrative termination was vacated and the case was reopened, causing the long day in addressing the September, 2020 Order. (ECF No. 99).

1

(ECF No. 78) wherein she (1) denied Plaintiff's request for additional clock-in/clock-out records of J&J Pizza Inc.; (2) denied Plaintiff's request for the last known addresses of his former co-workers so that D'Agostino might depose them; and (3) orally denying Plaintiff's request for Domino's Pizza, Inc. (DPI) past litigation history. *Id.* at 2-4. Plaintiff also requested that Rule 11 sanctions be imposed. (ECF No. 79).

Second, Judge Bongiovanni issued an oral decision on July 12, 2021 (ECF No. 103), and memorialized the decision in a Letter Order dated November 16, 2021 ("the November 2021 Order") (ECF No. 104), clarifying the scope of several of the oral rulings. In part, Judge Bongiovanni (1) determined the order of depositions, wherein Plaintiff would be deposed first; (2) allowed Plaintiff to obtain an audio recording of his deposition, but only through a certified service at his own expense; (3) denied the request to depose Tom Monaghan, founder of Defendant Domino's Pizza, Inc. ("DPI") about his alleged homophobic prejudices; and; (4) denied Plaintiff's request to question the corporate witness about Tom Monaghan's alleged homophobic views.

II

It is well-established that "[a] United States Magistrate Judge may hear and determine any non-dispositive pretrial matter pending before the Court." 28 U.S.C. § 636(b)(1)(A)." See, *Altana Pharma AG v. Teva Pharms. USA, Inc.*, 2010

U.S. Dist. LEXIS 10430, at *1 (D.N.J. Feb. 5, 2010). Litigants may file objections to and appeal a magistrate judge's order within fourteen (14) days of being served with the order. *See* L. Civ. R. 72.1(c); Fed. R. Civ. P. 72. Generally, a district court may only reverse a magistrate judge's finding if it is "clearly erroneous or contrary to law." *Id.* (citing 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A)). The movant bears the burden of demonstrating that the magistrate judge's decision was clearly erroneous or contrary to law. *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004). In this case, where "an appeal seeks review of a matter within the purview of the Magistrate Judge, such as a discovery dispute, an even more deferential standard, the 'abuse of discretion standard' must be applied." *Salamone v. Carter's Retail, Inc.*, 2012 U.S. Dist. LEXIS 32330, at *3 (D.N.J. Mar. 9, 2012). "An abuse of discretion occurs 'when the judicial action is arbitrary, fanciful or unreasonable, which is another way of saying that discretion is abused only where no reasonable man would take the view adopted by the trial court. If reasonable men could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion.'" *Id.* (quoting *Lindy Bros. Builders of Philadelphia v. Am. Radiator & Standard Sanitary Corp.*, 540 F.2d 102, 115 (3d Cir. 1976)).

"There is particularly broad deference given to a magistrate judge's discovery rulings." *Farmers & Merchants Nat. Bank v. San Clemente Fin. Grp.*

*Sec., Inc.*, 174 F.R.D. 572, 585 (D.N.J. 1997); *Halsey v. Pfeiffer*, 2010 U.S. Dist. LEXIS 97590, at *1 (D.N.J. Sept. 17, 2010). It is well-settled that Magistrate Judges have broad discretion to manage their docket and to decide discovery issues. *See, Gerald Chamales Corp. v. Oki Data Americas, Inc.*, 247 F.R.D. 453, 454 (D.N.J. 2007); see also *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982).

### III.

This section addresses the appeal of the September, 2020 Letter Order.

<u>Rule 11</u>

Plaintiff contends that although Judge Bongiovanni did not rule on Plaintiff's intended Rule 11 motion, he should be allowed to file it immediately and have the Court render a substantive ruling. Despite Plaintiff's contention, Judge Bongiovanni previously instructed the parties that any motion for sanctions must first be submitted in advance to her in order to prevent the filing of frivolous motions. (July 11, 2018 Letter Order, ECF No. 38). As there is no evidence that Plaintiff complied with Judge Bongiovanni's reasonable directive, Plaintiff's request for Rule 11 sanctions is denied.

<u>Production of Clock-In/Clock-Out</u>

During discovery, Plaintiff sought assorted clock-in/clock-out records from J&J Pizza, including those from January and February 2015. J&J Pizza submitted some, but not all, of the requested records because some of the records were no

4

longer maintained. Defendant's counsel certified that all of the clock-in/clock-out records have been provided except for those no longer maintained. (May 29, 2020 Letter Order at 1-2, ECF No. 73). Judge Bongiovanni ruled that J&J Pizza had satisfied its obligation to produce the records based on the certification of counsel. Plaintiff objects. Judge Bongiovanni's ruling is affirmed as she did not abuse her discretion.

Addresses/Deposition of Former Co-Workers

Plaintiff seeks to compel J&J Pizza to disclose the last known addresses of its current and former employees so he may depose those employees. This is the third time Plaintiff has raised this request. See, (ECF No. 60)[2]. (May 29, 2020 Letter Order (ECF No. 73).

Here, Plaintiff raised the same request without providing any new facts or rationale that differentiates it from prior requests, and therefore Judge Bongiovanni denied it again. (September 2020 Order at 2-3).

In support of this most recent attempt, Plaintiff argues that he has provided more specific information about numerous alleged incidents, including approximate dates, and the names of several co-workers. (Pl. Reply at 3-4, ECF No. 107). However, these specific details were emailed to Defendants and Judge Bongiovanni's chambers on October 14, 2020 -- two weeks *after* the September

---

[2] Judge Bongiovanni permitted Plaintiff to propound interrogatories concerning Defendants' current employees.

2020 Order was filed. (Ex. B and C to Pl. Reply). Since Judge Bongiovanni could not consider the additional facts that were submitted after the request was denied, the Court finds no abuse of discretion and Judge Bongiovanni's decision is affirmed.

### Litigation History of DPI

Judge Bongiovanni did not abuse her discretion when she denied Plaintiff's request that DPI produce its entire litigation history. The request was denied because Plaintiff had not established any relevancy connection. Moreover, Plaintiff's chief argument was that since his litigation history was discoverable, he should have a similar right to DPI's litigation history. (September 2020 Order at 3-4). As Judge Bongiovanni recognized, Plaintiff's claim against DPI rests on a theory of vicarious responsibility for its franchises, and as such, the litigation history is not conduct based -- leaving no reason to disclose DPI's litigation history for its multi-national operations. (September 2020 Order at 3-4). In addition, Plaintiff's argument that "what's good for the goose is good for the gander" is not a viable legal theory. There must be some relevancy in the request, and Plaintiff has failed to articulate any reason why the litigation history is relevant. As such, Judge Bongiovanni's decision is affirmed.

IV.

This section addresses the appeal of the November 2021 Letter Order

Deposition Order and Recording of Deposition

In his appeal of the November 2021 Order, Plaintiff objected to the proposed sequence of depositions, and that he must pay for any audio recording of his deposition. At oral argument, counsel for Defendants indicated that Plaintiff's deposition had already taken place, and thus the former issue was moot. (Feb. 22, 2022 Hearing T. 4:10-15). Plaintiff himself acknowledged that "in some respects [the sequence issue is] moot" and added that the parties had "finally [reached] some agreement on using the audio recording service[.]" *Id.* at 23:25-24:17. Since the two issues have been resolved, they are denied as moot.

Scope of Questioning

Judge Bongiovanni barred Plaintiff at the deposition of the corporate designee from questioning the corporate witness about Tom Monaghan's personal philosophy and alleged homophobic prejudices and beliefs, including whether these alleged prejudices and beliefs "trickled down into the [DPI] enterprises." (November 2021 Order at 3). At the July 12, 2021 hearing, Judge Bongiovanni indicated that limited questions related to this subject may be permitted, but only if Plaintiff submitted to the Court the internet articles upon which he was relying. (Ex. A to Def. Opp. at 10-11). Plaintiff then submitted several articles to Judge

7

Bongiovanni, which Defendant characterizes as assorted blog posts. Judge Bongiovanni found that the assorted blog posts did not broach whether Mr. Monaghan's beliefs and alleged prejudices trickled down into the DPI enterprises, and she subsequently precluded Plaintiff from raising the subject at deposition. (November 2021 Order at 3).

D'Agostino has submitted several articles and blog posts about Tom Monaghan's alleged homophobic prejudices and beliefs (Submitted Articles). According to the Submitted Articles, Monaghan sold his interest in Domino's Pizza in 1998 for $1 billion. The Submitted Articles generally state that in the early 2000s, Monaghan instituted and donated more than $100 million into the Ave Maria Foundation and political action committees which support an anti-gay and pro-life agenda. None of the Submitted Articles suggested to the Court that there is any connection between Monaghan's operation of DPI and his alleged anti-gay, pro-life beliefs. For instance, in one article, it indicates that Monaghan established colleges and law schools in the 1990s and those schools denounce homosexual activity; but none relate them to DPI. *See*, Boyer, The Deliverer, A Pizza Mogul Funds a Moral Crusade, *The New Yorker* (2/11/07), see also; Domino's Founder Delivers More Than Just Pizza . . . How Tom Monaghan's Philanthropy Is Changing Higher Ed., *Responsive Philanthropy* (Fall 2005).

Plaintiff, in his reply brief, requests that the Court "verify that Plaintiff is allowed [to] depose Tom Monaghan directly[.]" (Pl. Reply at 10-14, ECF No. 107). As I understand it, Judge Bongiovanni denied the request orally, but it was not addressed in either Letter Order. As such, the Court will decide it here. The request to depose Tom Monaghan is denied. Mr. Monaghan sold his interest in DPI in 1998 (over 20 years ago); and there is no proffer of evidence that Mr. Monaghan ever authorized any alleged homophobic policies to trickle down to franchisees like J&J Pizza. As such, the request is denied.

## ORDER

This matter having come before the Court on pro se Plaintiff Steven D'Agostino's appeals of Magistrate Judge Bongiovanni's September 28, 2020 Letter Order and November 16, 2021 Letter Order regarding discovery issues (L. Civ. R. 72.1(c)(1)); and the Court having considered the submissions of the parties and having held oral argument telephonically; and for the reasons set forth above;

IT IS on this 20th day of April, 2022:

ORDERED that Plaintiff's appeals (ECF Nos. 79, 108) are denied and both of Judge Bongiovanni's Letter Orders (ECF Nos. 78, 104) are affirmed.

_____
PETER G. SHERIDAN, U.S.D.J.