UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN D'AGOSTINO,<br><br>*Plaintiff*<br><br>v.<br><br>DOMINO'S PIZZA, *et al.*<br><br>*Defendants* | Civil Action No. 3:17-cv-11603 (PGS)(TJB)<br><br>**AMENDED MEMORANDUM AND ORDER** |

This matter is again before the Court on Appellant Steven D'Agostino's Motion for Reconsideration. (ECF No. 115). The Court previously issued an Order on October 2, 2023 (ECF No. 131) denying this motion. In the interim, disputes arose during settlement discussions. Specifically, these disputes surround language in the Court's October 2, 2023 Memorandum and Order. (ECF No. 131).

For the reasons below—and the reasons set forth previously in the Court's October 2, 2023 Memorandum and Order (ECF No. 131)—the Motion for Reconsideration (ECF No. 115) is **DENIED**. However, per the parties' discussions with the Court and with the consent of all parties, the Court vacates its October 2, 2023 Order and issues this Amended Memorandum and Order which amends the disputed language.

1

**I.**

This matter is before the Court on *pro se* Appellant Steven D'Agostino's motion for reconsideration of the Court's April 20, 2022 Order denying his appeal of discovery orders issued by Judge Bongiovanni dated September 2020 and November 2021 (ECF Nos. 79 and 108). In his letter brief (ECF No. 115, p. 1569, 1575), D'Agostino requests that four issues and one "alternative" issue be addressed:

1. Filing of a Rule 11 motion;
2. Deposition of former co-workers;
3. Requiring Domino Pizza, Inc. (DPI) to provide its litigation history;
4. Deposition of Tom Monaghan, and/or to also allow questioning of DPI's Rule 30(b)(6) witness about Monaghan's views; and alternatively;
5. "the Court should provide a clear, logical and plausibly valid explanation as to why its ruling (and those of the magistrate) are not being deliberately slanted against me, so as to stack the deck against me . . . ."

The amended complaint alleges that while D'Agostino was employed as a pizza delivery person of J&J Pizza, Inc., the owners, John and Jason Parmer (brothers), made certain statements against him in violation of the Fair Labor Standards Act and on a common law negligence theory. (ECF No. 1, 2 and 22). D'Agostino further alleges that since J&J is a franchisee of DPI, bias permeates from DPI operations, most notably through the philosophy of its founder, Tom Monaghan. Accordingly, D'Agostino alleges DPI and J&J are jointly liable on the causes of action. Finally, D'Agostino alleges that J&J and other defendants terminated him in violation of the law.

## II.

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *United States v. Richardson*, No. 3:12-CR-00576, 2022 WL 3214410, at *2 (D.N.J. Aug. 9, 2022) (internal quotation marks and citation omitted). Reconsideration is "an extraordinary remedy that is to be granted sparingly." *Id.* (internal quotation marks and citation omitted). On a motion for reconsideration, the moving party has the burden of demonstrating that (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. *Id.* (internal quotation marks and citation omitted). Reconsideration motions may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment. *NL Indus., Inc.*, 935 F. Supp. at 516; *See* Wright, Miller & Kane, Fed. Practice and Procedure: Civil 2d § 2810.1. "A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made." *Drumgo v. Does*, No. 17-188, 2018 WL 2994394 at *1 (D. Del., June 14, 2018). Since none of D'Agostino's issues are based on new law or facts, this motion is denied; but in order to accommodate D'Agostino's "alternative" issue each is explained below.

## III.

This section addresses the denial of D'Agostino's discovery demand that J&J Pizza disclose the name and address of 23 employees, so that D'Agostino may depose each of them. (Issue No. 2).

Judge Bongiovanni found that this demand lacked detail. It failed to provide any facts demonstrating the need for the disclosure of the identity of 23 former employees of J&J Pizza. Judge Bongiovanni noted that D'Agostino did not "describe the nature of the incidents that would be the subject of the proposed depositions, nor the date or timeframe of the incident for each coworker." (ECF No. 78, p. 2-3).

In response, D'Agostino argues that he provided more specifics after Judge Bongiovanni's ruling. (ECF No. 115, p. 4). Since this information was not available to Judge Bongiovanni at the time of her ruling, her decision stands.

## IV.

D'Agostino demands that DPI disclose its litigation history. (Issue No. 3). In denying D'Agostino's demand, Judge Bongiovanni reasoned that the request lacked relevancy to the facts of the case. The thrust of D'Agostino's argument was that since he was required to provide his litigation history, DPI should provide same to him (reciprocity). In my prior denial, I stated that the Courts do not usually follow the adage that what is good for the goose is good for the gander. D'Agostino

4

disagreed with my analysis and presented several cases where courts relied upon that adage in disposing of cases. To be more clear and logical, I denied D'Agostino's request because his background as a "frequent filer" of complaints in state and federal courts, and this maybe a subject to impeach his credibility as to the viability of this claim at trial. To the contrary, DPI, a significant pizza franchisor, most likely has been involved in much litigation, both as defendant and a plaintiff on numerous different claims. Therefore, D'Agostino's request for DPI's litigation history is overbroad, as there are no facts alleged to substantiate the need to disclose DPI's litigation history. D'Agostino's demand for DPI's litigation history is simply a fishing expedition.

## V.

D'Agostino demands that he be permitted to depose Thomas Monaghan, found of Domino's and/or to depose DPI's Rule 30(b)(6) witness about Monaghan's policy on homosexuality (ECF No. 104, p. 3) (Issue No. 4).

Prior to Judge Bongiovanni's ruling, she ordered D'Agostino to produce facts in support of his request for the Monaghan deposition. D'Agostino produced five articles which Judge Bongiovanni reviewed. D'Agostino's request was denied because there was insufficient factual support from the articles to suggest that "Mr. Monaghan's ideologies trickled down into the enterprises." In addition, Mr. Monaghan sold his interest in DPI at the end of the 1990's, about 20 years ago, so

any connection of Monaghan to DPI's present policies is remote. Now, D'Agostino avers that the Court's rationale is wrong because Monaghan only sold 93% of his interest, and that Monaghan may still influence DPI's policies. In short, D'Agostino has failed to show any facts to support a connection between Monaghan and DPI's policies at the time of the incident and this matter. The deposition of Monaghan is another fishing expedition.

## VI.

D'Agostino's motion to allow the filing of a Rule 11 motion was previously denied because Judge Bongiovanni found it to be premature. Such a motion addresses vexatious tactics of an adversary. Fed. R. Civ. P. 11. Prior to filing such a motion, the aggrieved party must place his adversary on notice of the Rule 11 matter, and give his adversary a reasonable opportunity and time period to correct same prior to filing the motion. In this case, D'Agostino noticed his adversary, and his adversary reacted quickly, and communicated with Judge Bongiovanni even though no motion was filed by D'Agostino. In order to quell the heated remarks, Judge Bongiovanni advised the parties that the Rule 11 motion was premature, and D'Agostino should hold off until discovery was complete. Now D'Agostino argues that since no motion was filed, Judge Bongiovanni lacked authority to act.

D'Agostino's theory is incorrect. The magistrate judge has broad power to administer each case in a fair manner and to expedite the litigation process. It is

within her discretion to rule on this Rule 11 motion when it is brought to her attention. In my view, this Rule 11 undertaking by D'Agostino was another meritless tactic to adversely hinder the litigation process. The motion is denied.

## ORDER

This matter having come before the Court on Steven D'Agostino's Motion for Reconsideration (ECF No. 115), and the Court having considered the submissions of the parties, and for good cause shown, and for all of the foregoing reasons;

**IT IS** on this **4th** day of **April, 2024,**

**ORDERED** that Court's Memorandum and Order dated October 2, 2023 (ECF No. 131) is **VACATED,** and that Order (ECF No. 131) shall be **STRICKEN** from the docket; and it is further

**ORDERED** that the motion for reconsideration (ECF No. 115) is **DENIED.**

_____
PETER G. SHERIDAN, U.S.D.J.