UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

STEVEN D'AGOSTINO,

    Plaintiff,

v.

DOMINO'S PIZZA, INC., *et al.*,

    Defendants.

Civil Action No. 17-11603 (MAS) (TJB)

**MEMORANDUM ORDER**

**SHIPP, District Judge**

    This matter comes before the Court upon pro se Plaintiff Steven D'Agostino's ("Plaintiff") (ECF No. 161) objections[1] to the Report and Recommendation ("R&R") of the Honorable Tonianne J. Bongiovanni, U.S.M.J., recommending that Plaintiff's Motion to Enforce Settlement Agreement be granted in part and denied in part (ECF No. 155). The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons below, the Court adopts the R&R in full.

    When a party timely objects to a magistrate judge's R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636; *see also* Fed. R. Civ. P. 72(b)(3). Even for the portions of the R&R not specifically objected to, "the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). The district court "need not normally conduct a new

---

[1] The Court also received correspondence from counsel for Defendants J&J Pizza Inc. and Jason Parmer (ECF No. 162) and counsel for Defendant Domino's Pizza Inc. (ECF No. 163), which did not set forth formal objections.

hearing and may consider the record developed before the Magistrate Judge, making his or her own determination on the basis of that record." L. Civ. R. 72.1.

Here, Plaintiff argues that additional facts have a "direct major impact upon [the R&R]." (Pl.'s Objs. 1, ECF No. 161.) In particular, Plaintiff provides the Court with information concerning a mediation conducted by Judge Kaplan in the Bankruptcy Court on September 12, 2024 (the "September Mediation"). (*See* Pl.'s Objs. 1-2, 11-12; *id.* at Exs. 1-4.) Plaintiff argues that he reached a verbal settlement agreement with Defendants J&J Pizza Inc. and Jason Parmer (together, the "Bankrupt Defendants") during that mediation, and argues that the verbal settlement agreement should take precedence over the April 23, 2024 settlement agreement found valid and enforceable in the R&R (the "April 2024 Settlement Agreement"). (*Id.* at 12.) The verbal settlement agreement, Plaintiff maintains, included a "stipulation of judgment" and did not include dismissing his claims against Defendants Domino's Pizza, Inc. and John Parmer (together, the "Non-Bankrupt Defendants"). (*Id.* at 2, 11.) Plaintiff argues that the verbal settlement agreement should take precedence over the April 2024 Settlement Agreement for two reasons: (1) the Bankrupt Defendants breached the terms of the April 2024 Settlement Agreement; and (2) in any event, the April 2024 Settlement Agreement should be reformed to match the September 12, 2024 purported verbal agreement. (*Id.* at 12.)

In addition to the facts concerning the September Mediation, Plaintiff also argues that this Court need not actually decide anything about the September Mediation. According to Plaintiff, in the April 2024 Settlement Agreement the parties agreed to "the entry of a judgment [which] is plainly evident from the numerous emails exchanged between the parties over the 6-month+ period (i.e. from the initial offer made on Nov[.] 14, 2023 until [Plaintiff's] acceptance on April 23, 2024)." (*Id.* at 2.) In support of this assertion, Plaintiff essentially rehashes his arguments put

2

before Judge Bongiovanni. (*See* ECF Nos. 143, 145.) The two main arguments are: (1) Bankrupt Defendants' use of the word "judgment" throughout settlement negotiations demonstrates their intent to be bound by a consent judgment, rather than putting forth an offer of settlement (Pl.'s Objs. 6-9); and (2) the clause dismissing the Non-Bankrupt Defendants is legally unenforceable because those defendants offered Plaintiff no consideration (*see id.* at 9-12).

The Court has undertaken a de novo review of the record, including a thorough review of the email correspondence between the parties that Judge Bongiovanni found sufficient to evidence the formation of a valid and enforceable settlement agreement.[2] This review confirms Judge Bongiovanni's findings concerning the April 2024 Settlement Agreement.

First, as to whether the parties intended to be bound by a consent judgment versus a settlement agreement, this Court's review confirms that the essential aspects of the parties' settlement discussions included negotiating the monetary settlement amount and how that money would be paid from the bankruptcy estates of Jason Parmer and J&J Pizza. (*See* ECF No. 143, Exs. A-II.) The Court, therefore, affirms the R&R's findings that "[t]hroughout the entirety of settlement discussions in this action, the parties, including Plaintiff, neither contemplated nor articulated any desire to enter into an agreement that would take the form of a judicial decree." (R&R 8, ECF No. 155.) "Rather, . . . the essential aspects of the parties' settlement discussions included determining a sum certain . . . to settle the within action in its entirety against all Defendants and determining the necessary collection procedure of the settlement proceeds." (*Id.* at 8-9.)

---

[2] Because pro se Plaintiff did not attach the correspondence between the parties from November 2023 to May 2024, the Court refers to the exhibits to Plaintiff's motion to enforce settlement. (*See* ECF No. 143, Exs. A-II.)

3

Second, as to the dismissal of the Non-Bankrupt Defendants, throughout the parties' email correspondence, the Bankrupt Defendants were clear that any release would include the Non-Bankrupt Defendants "even though the [Non-Bankrupt Defendants] w[ould] not contribute to the settlement payment." (ECF No. 143, Ex. E.) Plaintiff also explicitly acknowledged this condition multiple times during the email exchange. (*See, e.g., id.* at Exs. F, S-U.) The Court, therefore, rejects Plaintiff's arguments and agrees with Judge Bongiovanni's findings that the parties entered a valid and enforceable settlement agreement in April 2024, which was not intended to be a consent judgment and was intended to release the Non-Bankrupt Defendants. *See Balagtas v. W.M. Jackson Tkg., Inc.*, No. 13-4689, 2015 WL 6511272, at *2 (E.D. Pa. Oct. 28, 2015) (adopting R&R concerning motion to enforce settlement agreement where the defendant's objections raised were essentially the same as those raised in response to the motion and defendants failed to raise any "newly-discovered or overlooked facts").

The only matter left, therefore, is whether the additional facts that Plaintiff provided in his objection concerning the September Mediation mandate a different outcome. (*See* Pl.'s Objs. 1-2.) Plaintiff argues that the Bankrupt Defendants breached the April 2024 Settlement Agreement by "reneging upon [their] own repeatedly-stated settlement terms." (*Id.* at 12.) But there is nothing in the record to suggest that the Bankrupt Defendants reneged upon the settlement terms that Judge Bongiovanni found in the April 2024 Settlement Agreement—namely, that the parties were entering into a settlement agreement rather than a consent judgment and that the agreement included a release of the Non-Bankrupt Defendants. (*See* R&R 8-9, 19-20.) The Court, therefore, rejects Plaintiff's argument that the Bankrupt Defendants breached the April 2024 Settlement Agreement.

Plaintiff finally argues that in any event, the Court should reform the April 2024 Settlement Agreement to conform with the purported verbal settlement agreement that the parties reached at the September Mediation. (*See* Pl.'s Objs. 12.) Construing pro se Plaintiff's argument liberally, the Court interprets Plaintiff's argument to suggest that the parties intended to modify the April 2024 Settlement Agreement. *See Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (The Court must "apply the applicable law, irrespective of whether the pro se litigant has mentioned it by name."). Modification of a contract "can be proved by an explicit agreement to modify or by the actions and conduct of the parties as long as the intention to modify is mutual and clear." *DeAngelis v. Rose*, 727 A.2d 61, 70 (N.J. Super. Ct. App. Div. 1999). Such an agreement to modify "must be based upon new or additional consideration." *County of Morris v. Fauver*, 707 A.2d 958, 967 (N.J. 1998).

Here, there is no evidence on the record that the parties reached a "mutual and clear" agreement to modify the April 2024 Settlement Agreement. On the contrary, Plaintiff notes that when counsel for the Bankrupt Defendants emailed him a written embodiment of the terms that the parties agreed to at the mediation, those terms did not match the purported verbal agreement. (Pl.'s Objs. 4 (claiming that defense counsel "must have decided to try to sneak in the other 2 [N]on-[B]ankrupt [D]efendants").) From a review of the email correspondence subsequent to defense counsel sending this draft consent order, Plaintiff clearly had "issues with the proposed consent order." (Pl.'s Objs., Exs. 2-3.) The evidence presented simply does not demonstrate a mutual agreement between the parties to modify the April 2024 Settlement Agreement. *See County of Morris*, 707 A.2d at 967 ("A proposed modification by one party to a contract must be accepted by the other to constitute mutual assent to modify."). Without such mutuality, the Court finds that there was no valid modification to the April 2024 Settlement Agreement. *See id.* at 967-68 (finding

5

that the parties did not modify their contract because they "did not clearly express a mutual intention to modify their contract").

The Court has reviewed and carefully considered the R&R and underlying documents in this matter and finds good cause to adopt Judge Bongiovanni's findings. Accordingly,

IT IS, on this 6th day of August 2025, **ORDERED** that:

1. Plaintiff's objections to the R&R (ECF No. 161) are **DENIED**.

2. The R&R (ECF No. 155) is hereby **ADOPTED** in full as the Findings of Fact and Conclusions of Law of this Court.

3. The Clerk of the Court shall close this case.

4. The Clerk shall send a copy of this order to Plaintiff by regular U.S. mail.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE